IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANGUARD LAW GROUP, LLP,
   a California limited liability partnership,

     Plaintiff,

v.                                CASE NO:_____

FLORIDA VANGUARD ATTORNEYS, LLC,
   a Florida corporation,

     Defendant.

_____/

## COMPLAINT

    The Plaintiff, VANGUARD LAW GROUP, LLP ("Vanguard Law Group"), sues the

Defendant, FLORIDA VANGUARD ATTORNEYS, LLC ("Florida Vanguard") for violations

of the Lanham Act and to cancel Florida Vanguard's Florida state trademark registrations, and

alleges as follows:

### THE PARTIES

#### Plaintiff

    1.    Plaintiff Vanguard Law Group is a limited liability partnership organized under

the laws of California with its principal place of business in San Diego, California. Vanguard

Law Group advises and serves clients from across the United States and throughout the world.

In the United States, Vanguard Law's clients and transactions have included those in California,

Florida, and many other states around the country.

    2.    Vanguard Law Group represents or advises its clients in a wide range of legal

matters including business and real estate transactions. The nature of the firm's client base is

diverse. Many clients consult the firm regularly as to all aspects of their businesses, while others retain the firm on a transaction-by-transaction basis.

**Defendant**

3.     Defendant Florida Vanguard, upon information and belief, is a limited liability company organized under the laws of the state of Florida with its principal place of business in Tampa, Florida.

4.     Defendant Florida Vanguard advertises itself as providing "an elite team of personal injury attorneys …. Our attorneys are well prepared to handle a wide variety of claims and we strive to deliver the best possible resolution for our clients."

**JURISDICTION AND VENUE**

5.     This is a suit for violations of the federal Lanham Act, namely trademark infringement under section 33 of the Lanham Act, 15 U.S.C. §1114(a) and §1116 and false designation of origin, false or misleading description of fact, and/or a false or misleading representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). This is also a suit to direct the Florida Department of State to cancel trademark registrations pursuant to Fla. Stat. §§495.101 and 495.145.

6.     This court has original jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a) and Fla. Stat. §§495.101 and 495.145.

7.     This Court has personal jurisdiction over Defendant Florida Vanguard because Defendant is located and conducts business in the State of Florida and, in particular, the Middle District of Florida.

8.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) as Defendant is subject to personal jurisdiction in the District and a substantial part of the events giving rise to these claims occurred in this District.

## GENERAL ALLEGATIONS

### Plaintiff and its Vanguard® Trademark

9.     Beginning as early as January 2002, Plaintiff Vanguard Law Group adopted and used continuously in interstate commerce the mark VANGUARD® in connection with its offering of legal services.

10.     Plaintiff Vanguard Law Group owns a current and valid federal trademark registration, No. 2,754,106, for the mark VANGUARD® for legal services. *See* Exhibit A.

11.     Plaintiff's federally-registered VANGUARD® mark is incontestable in accordance with 15 U.S.C. §1065 and has been incontestable since August 19, 2008.

12.     Plaintiff's registration of its VANGUARD® mark and the incontestability of that registration are conclusive evidence of Plaintiff's exclusive right to use the mark in connection with legal services nationwide.

13.     Plaintiff Vanguard Law Group has invested substantial time, effort and money in developing and protecting its mark, and has used its VANGUARD® mark consistently in connection with its services over the past 11 years.

14.     Plaintiff Vanguard Law Group has become recognized as a source of reputable legal services in diverse matters under its VANGUARD® mark.

15.     Notices of Plaintiff Vanguard Law Group's federal trademark registration are and at all relevant times have been prominently displayed on Vanguard Law Group's website.

16.    Plaintiff Vanguard Law Group under its VANGUARD® mark has served and continues to serve as general counsel to companies seeking assistance in many types of legal matters.

17.    Plaintiff Vanguard Law Group under its VANGUARD® mark has provided and continues to provide services for clients from all over the world and participates, as legal advisers, in transactions taking place throughout the United States.   Plaintiff has clients in Florida and has represented clients in transactions involving Florida businesses and real estate.

### Defendant's Unauthorized Use of the Mark Vanguard for Legal Services

18.    Upon information and belief, Florida Vanguard was formed in Florida on or about April 2, 2010.

19.    Upon information and belief, since that time Defendant Florida Vanguard has used and continues to use its VANGUARD mark for promoting, advertising and providing legal services.

20.    Florida Vanguard's website provides a toll-free number to facilitate access by anyone from anywhere in the U.S.

21.    Upon information and belief, Defendant Florida Vanguard registered the domain name vanguardattorneys.com and began advertising and using its "VANGUARD" and "VANGUARD ATTORNEYS" marks in connection with its legal services on the website at www.vanguardattorneys.com on or about May 18, 2010.

22.    Upon information and belief, Defendant Florida Vanguard registered the domain name vanguardbikelaw.com and began advertising and using its "VANGUARD" and "VANGUARD   BIKE   LAW"   marks   in   connection   with   its   legal   services   at www.vanguardbikelaw.com on or about February 14, 2012.

23.     Defendant's "VANGUARD ATTORNEYS" mark appears prominently on the Internet.  For example, a Google search for "Vanguard attorney" or "Vanguard lawyer" both return Defendant's "VANGUARD ATTORNEYS" mark in a prominent fashion.  True and correct copies of Google Internet search results from May 8, 2013 are attached hereto as Exhibit B.

24.     On or about August 11, 2011, Defendant Florida Vanguard filed for a Florida state trademark for the name "VANGUARD ATTORNEYS" for "Legal Services".  A true and correct copy of this application is attached hereto as Exhibit C.

25.     Defendant Florida Vanguard filed for its "VANGUARD ATTORNEYS" Florida trademark registration with full knowledge of Plaintiff's existing federal registration of its VANGUARD® mark.

26.     Despite knowing of Plaintiff's existing federal registration for its VANGUARD® mark, Defendant Florida Vanguard did not mention the existence of Plaintiff's federal mark in its application for a Florida state registration for "VANGUARD ATTORNEYS".

27.     In its trademark application for the "VANGUARD ATTORNEYS" mark, a representative of Defendant Florida Vanguard swore under oath in part as follows: "I am the owner and the applicant herein, or … I am authorized to sign on behalf of the owner and applicant herein, and to the best of my knowledge no other person except a related company has registered this mark in this state or has the right to use such mark in Florida either in identical form thereof or in such near resemblance as to be likely, when applied to the goods or services of such person to cause confusion, to cause mistake or to deceive."

28.     At the time Defendant Florida Vanguard submitted its Florida state trademark application for "VANGUARD ATTORNEYS" for legal services, Plaintiff Vanguard Law Group

had the superior legal right vis-à-vis Defendant to use its VANGUARD® mark for legal services in Florida as a result of Plaintiff's incontestable federal registration.

29.     At the time Defendant Florida Vanguard submitted its Florida state trademark application for "VANGUARD ATTORNEYS" for legal services, Defendant knew that Plaintiff Vanguard Law Group had the superior legal right vis-à-vis Defendant to use its VANGUARD® mark for legal services in Florida as a result of Plaintiff's incontestable federal registration.

30.     On or about August 11, 2011, Defendant Florida Vanguard filed for a Florida state trademark for the word mark with design that appears as follows:



A true and correct copy of this application is attached hereto as Exhibit D.

31.     Defendant Florida Vanguard filed for its word mark with design "VANGUARD ATTORNEYS" Florida trademark registration with full knowledge of Plaintiff's existing federal registration of its VANGUARD® mark.

32.     Despite knowing of Plaintiff's existing federal registration for its VANGUARD® mark, Defendant Florida Vanguard did not mention the existence of Plaintiff's federal mark in its application for a Florida state registration for its word mark with design "VANGUARD ATTORNEYS".

33.     In its trademark application for the word mark with design "VANGUARD ATTORNEYS", a representative of Defendant Florida Vanguard swore under oath in part as follows: "I am the owner and the applicant herein, or ... I am authorized to sign on behalf of the owner and applicant herein, and to the best of my knowledge no other person except a related

company has registered this mark in this state or has the right to use such mark in Florida either in identical form thereof or in such near resemblance as to be likely, when applied to the goods or services of such person to cause confusion, to cause mistake or to deceive."

34.     At the time Defendant Florida Vanguard submitted its Florida state trademark application for the word mark with design "VANGUARD ATTORNEYS" for legal services, Plaintiff Vanguard Law Group had the superior legal right vis-à-vis Defendant to use its VANGUARD® mark for legal services in Florida as a result of Plaintiff's incontestable federal registration.

35.     At the time Defendant Florida Vanguard submitted its Florida state trademark application for the word mark with design "VANGUARD ATTORNEYS" for legal services, Defendant knew that Plaintiff Vanguard Law Group had the superior legal right vis-à-vis Defendant to use its VANGUARD® mark for legal services in Florida as a result of Plaintiff's incontestable federal registration

36.     Defendant Florida Vanguard, like Plaintiff Vanguard Law Group, promotes its legal services under its "VANGUARD ATTORNEYS" mark through social media.

37.     Plaintiff has never consented to or otherwise approved Defendant's use of any "VANGUARD" mark.

38.     Due to Defendant's use of its "VANGUARD ATTORNEY" mark, Plaintiff Vanguard Law Group has received telephone calls and mail intended for the Defendant Florida Vanguard.

39.     Upon information and belief, due to Defendant's use of its "VANGUARD ATTORNEY" mark, Defendant Florida Vanguard has likely received telephone calls and/or mail intended for Plaintiff Vanguard Law Group.

## COUNT I:  INFRINGEMENT OF A FEDERALLY
## REGISTERED TRADEMARK PURSUANT TO 15 U.S.C. §1114

40.    Paragraphs 1 through 39 are incorporated and realleged hereto as if set forth fully herein.

41.    Defendant Florida Vanguard's use of its "VANGUARD ATTORNEYS" mark in connection with providing, offering to provide, advertising and promoting legal services is likely to cause confusion, or to cause mistake, or to deceive the public, and thus constitutes trademark infringement pursuant to 15 U.S.C. §1114 of Plaintiff's registered VANGUARD® mark.

42.    The acts of Defendant Florida Vanguard constitute willful, deliberate and intentional infringement of Plaintiff's registered VANGUARD® mark in violation of 15 U.S.C. §1114.

43.    Plaintiff has been damaged by Defendant's trademark infringement.

44.    Defendants Florida Vanguard' wrongful activities have caused and unless enjoined by this Court will to continue to cause Plaintiff Vanguard Law Group irreparable harm and damage for which there is no adequate remedy at law.

## COUNT II:  FALSE DESIGNATION OF
## ORIGIN PURSUANT TO 15 U.S.C. §1125(a)

45.    Paragraphs 1 through 39 are incorporated and re-alleged hereto as if set forth fully herein.

46.    Defendant Florida Vanguard's use of its "VANGUARD ATTORNEYS" mark in commerce is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff and/or as to the origin, sponsorship or approval of Defendant's legal services by Plaintiff Vanguard Law Group, and thus constitutes a violation of 15 USC §1125(a).

47.     The complained of acts constitute willful, deliberate and intentional false designations of origin as to services made available by Defendant and unfair competition in violation of 15 U.S.C §1125(a).

48.     Plaintiff has been damaged by Defendant's false designation of origin.

49.     Defendant Florida Vanguard's wrongful activities have caused and unless enjoined by this Court will to continue to cause Plaintiff Vanguard Law Group irreparable harm and damage for which there is no adequate remedy at law.

## COUNT III: CANCELLATION OF FLORIDA STATE TRADEMARKS PURSUANT TO FLA. STAT. §§495.101 and 495.145

50.     Paragraphs 1 through 39 are incorporated and re-alleged hereto as if set forth fully herein.

51.     Defendant Florida Vanguard knowingly committed fraud when applying to register its "VANGUARD ATTORNEYS" word mark and "VANGUARD ATTORNEYS" word with design mark (the "Florida State Registrations") in Florida because Defendant knowingly misrepresented whether another entity had superior rights in Florida to use a the Florida State Registrations for legal services.

52.     Due to its incontestable VANGUARD federal registration, Plaintiff Vanguard law group has, and at the time of the Florida State Registrations had, the exclusive right to use and register the VANGUARD mark in Florida for legal services.

53.     At all relevant times, Defendant has had no right or ability to register the "Florida State Registrations" in Florida for legal services or to maintain such a registration.

54.     Defendant Florida Vanguard knew at the time it applied for the Florida State Registrations that Plaintiff Vanguard law group had the exclusive right to use and register the VANGUARD mark in Florida for legal services.

55.     The Court should find that the Florida State registrations:   a) were granted improperly;  b) were obtained fraudulently; and/or c) are so similar as to be likely to cause confusion or mistake or to deceive to the VANGUARD mark registered by Plaintiff Vanguard Law Group in the United States Patent and Trademark Office prior to the date of the filing of the application for registration by the registrant hereunder and not abandoned.

56.     The Court should direct the Florida Department of State pursuant to Fla. Stat. §495.101 to cancel the Florida State Registrations.

### **PRAYER FOR RELIEF**

WHEREFORE, Vanguard Law Group prays for a judgment against Florida Vanguard that:

1.      Defendant, including its officers, agents, servants, distributors, licensees, subsidiaries, employees, representatives, related companies, and all those acting in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from:

      a.      directly   or   indirectly   using   "VANGUARD   ATTORNEYS," "VANGUARD" or any confusingly similar mark for legal services; and

      b.      Requesting or inducing Internet search engines to display links to the Defendant's website, or to other websites displaying or promoting Defendant's services or products when potential customers using those search engines search for terms containing variations of the VANGUARD mark;

2.      Defendant pay Plaintiff damages in the form of: (a) all income derived by Defendant as a result of Defendants violations and actions detailed above; (b) such damages as Plaintiff has sustained as a consequence of such violations and actions; (c) attorney's fees pursuant to the Lanham Act; and (d) enhanced damages as permitted pursuant to the Lanham Act;

3.      Defendant's Florida state trademark registrations be cancelled and that the Florida Department of State be so directed;

4.      Plaintiff be awarded damages suffered as a result of Defendant's fraudulently-acquired Florida State Registrations in addition to punitive or exemplary damages pursuant to Fla. Stat. §495.121; and

5.     The Court award to Plaintiff costs and such other and further relief that the Court deems just and proper.

Dated this /4 th day of May, 2013.

JOSEPH J. WEISSMAN, FBN 0041424
(Trial Counsel)
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
403 East Madison Street, Suite 400
Tampa, Florida 33602
E-Mail: josephw@jpfirm.com
(813) 225-2500
(813) 223-7118

*Attorneys for Plaintiff*

#1471951